tion, we have arrived at the conclusion that the duties imposed upon the conservator by the amendment to section 9 were fairly appropriate and germane to the office of a conservator and that they did not "essentially change the nature and character of the office." It is admitted that Riggle did not pay and deliver to those entitled thereto all the moneys in his hands belonging to the estate of Savage, deceased. The sole defense of the defendants in the lower court was that Riggle at the time he assumed the duties imposed upon him by the amendment had in his hands all the moneys belonging to the estate of his deceased ward, and that this fact absolved the sureties on his bond from responsibility for his future conduct. The trial court adopted this view of the law and entered judgment for the defendants. In this he erred. We are satisfied that, under the law and the admitted facts in the case, the defendants are responsible to the plaintiff for whatever sum the said Riggle may be indebted to the estate of Savage, deceased.

The judgment of the Circuit Court of Cook county will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

**Gertrude Petersen Storm, Plaintiff in Error, v. Cigar Makers' International Union of America, Defendant in Error.**

**Gen. No. 19,223.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914. Rehearing denied June 8, 1914.

### Statement of the Case.

Action by Gertrude Petersen Storm against Cigar

Makers' International Union of America to recover
for death benefits claimed by plaintiff to be due her
from defendant by reason of the death of her brother,
Christian Petersen, who in his lifetime was a member
in good standing of the defendant Union. To reverse
a judgment in favor of the Union, plaintiff prosecutes
error.

Christian Petersen became a member of the Union
on July 9, 1892, and was a member in good standing
at the time of his death, December 6, 1906. Plaintiff,
at the time of his death, lived in Chicago and she
claims she did not hear of his death until December,
1908. On December 24, 1908, she made a claim in writ-
ing to the defendant Union. The present suit was
commenced on March 5, 1912.

When Christian Petersen became a member of the
Union all that was issued to him was a membership
card and due book in words and figures as follows:

"Cigar Makers' International Union 68310
Union No. 14 of Chicago            651
Initiated July 9, 1892,            M. C. PETERSEN
                     A. E. ADELOFF, President.
                     H. G. HAUCK, Fin. Sec'y."

At this time, the constitution of the said Union then
in force provided *inter alia,* for a death benefit in
words and figures as follows:

"ARTICLE X.

Section 1. That upon the death of a member who
shall have been such for one year the sum of $50
shall be paid toward defraying funeral expenses of
said member to the nearest of kin or such person or
persons as have the burial of said deceased member
in charge; but if such member should not have any
person to take charge of said funeral, the President
of the local union shall take charge of the burial of
said deceased member; provided however, that said
member has not been at the time of his death disqual-
ified by any of the conditions prescribed by the laws
of the International Constitution.

Section 2. That upon the death of a member who

has been such for five consecutive years the sum of $200 shall be paid by the International Union to his wife or nearest of kin, or legatee, and that upon the death of a member of ten consecutive years the sum of $350 shall be paid to the wife, nearest of kin or legatee; and that upon the death of a member of fifteen years standing $550 shall be paid as provided above. This sum 'shall include the $50 provided for funeral expenses in section 1.''

JOSEPH O. McKIERNAN, for plaintiff in error; JOHN J. SONSTEBY, of counsel.

EUGENE CLIFFORD, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 859*—*when claim for death benefits barred by Five-year Statute of Limitations*. The contract between a member of a Union and the Union in this case held an oral one and therefore governed by the Five-year Statute of Limitations.

---

## Gertrude M. Seehausen, Appellee, v. Oscar Seehausen, Appellant.

### Gen. No. 19,243.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded with directions. Opinion filed May 21, 1914.

## Statement of the Case.

Petition by Oscar Seehausen praying to have a decree of divorce in favor of Gertrude M. Seehausen, his divorced wife, modified with respect to the weekly

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.